UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN RATCHFORD,

Plaintiff,

v.         6:11-cv-107

FIRST SOUTHERN BANCORP d/b/a

FIRST SOUTHERN NATIONAL BANK

and MID-ROC, LLC,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiff Warren Ratchford ("Ratchford") filed a complaint in the State Court of Effingham County, Georgia, asserting claims against Defendant First Southern Bancorp d/b/a First Southern National Bank ("FSNB") for breach of contract, promissory estoppel, misrepresentation, and negligence. *See* Docs. 1-1 at 2-7; 1-3 at 25-32.

The case was eventually transferred to the Superior Court of Bulloch County. *See* Doc. 1-5 at 44-47. On August 19, 2011, the Comptroller of the Currency Administrator of National Banks appointed the Federal Deposit Insurance Corporation ("FDIC-R") as Receiver for FSNB. *See id.* at 65-68. On September 23, 2011, the FDIC-R filed a "Notice of Substitution of the FDIC, as Receiver, for First Southern Bancorp d/b/a First Southern National Bank" with the Superior Court of Bulloch County. *See* Doc. 5-4 at 1-3. The FDIC-R removed to this Court on September 27, 2011. *See* Doc. 1.

Now before the Court are the FDIC-R's "Motion to Stay," *see* Doc. 4, and Ratchford's "Motion to Remand," *see* Doc. 5.

### II. MOTION TO REMAND

The FDIC-R claims authority to remove this case based on 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(A)-(B). *See* Doc. 1 at 3. Ratchford seeks the remand of this suit to state court pursuant to 28 U.S.C. § 1447(c). *See* Doc. 5 at 2.

28 U.S.C. § 1441(b) provides that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable . . . ." Generally, "all suits of a civil nature . . . to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A).

> [T]he [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is *substituted as a party*.

*Id.* § 1819(b)(2)(B) (emphasis added).

Ratchford argues that remand is appropriate because the FDIC-R is not a proper party to the action. *See* Doc. 5 at 3. According to Ratchford, the FDIC-R failed to comply with Georgia procedure for joining the action, and thus, the subsequent removal was improper. *See id.* at 5.

O.C.G.A. § 9-11-25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is

transferred to be substituted in the action or joined with the original party."

The Eleventh Circuit has noted that "[i]n crafting the removal right in § 1819, Congress used very strong language to afford the FDIC every possibility of having a federal forum, and state procedural law cannot be invoked to frustrate the unambiguous intent of federal legislation." *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 783 (11th Cir. 2005) (internal citation and quotation omitted); *see also Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute.").

The Court, therefore, looks to the Federal Rules of Civil Procedure to determine whether the FDIC-R is a proper party to this action. *See Castleberry*, 408 F.3d at 784; *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1074-75 (5th Cir. 1980).

"If an interest is transferred, the action may be continued by or against the original party unless *the court, on motion,* orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c) (emphasis added). Rule 25 does not provide for automatic substitution of a party without a court order. No such order was entered in this case, and thus the FDIC-R has not been substituted as a party as required by statute.

The Eleventh Circuit in *Castleberry* did not directly address the interpretation of "substituted as a party." The FDIC-R cites *Buczkowski v. FDIC* in support of its argument that "substituted as a party" in § 1819(b)(2)(B) must be read *in pari materia* with the definition of the same term in the statute that governed the Resolution Trust Corporation (RTC). 415 F.3d 594 (7th Cir. 2005); *see also* Doc. 8 at 10.

The *Buczkowski* court noted that the FDIC "becomes a 'party' only in court" and, citing Federal Rule of Civil Procedure 25, remarked that "[f]ederal practice requires notice and motion" for most substitutions. *See id.* at 596. Yet, the court compared the FDIC removal statute with that of the RTC.

The RTC, like the FDIC, could "step into the shoes of failed banks" and operated under a removal statute nearly identical to the FDIC's § 1819(b)(2)(B). *Id.*; *see also* 12 U.S.C. § 1441a(*l*)(3)(A)(i) (repealed 2010). Yet, unlike the FDIC's removal statute, the RTC's statute defined "substituted as a party": substitution occurs "upon the filing [in court] of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(l)(3)(B)(repealed 2010).

The *Buczkowski* court commented that applying this definition may be sensible because § 1819 was amended in a "technical corrections" bill one week after Congress enacted the RTC's statute, and the amending provision's caption is entitled "FDIC Removal Period Made Consistent With RTC Removal Period." 415 F.3d at 597; 105 Stat. 2286. Yet, such caption likely referred to the amendment's expansion of the FDIC's removal period to ninety days.

The *Buczkowski* court further noted that reading the two statutes differently would "double-cross the legislature" unless the two statutes served different ends. *See id.* at 597. Yet, the court qualified its statements by declining to state that the RTC's definition of "substituted as a party" applied to the FDIC statute as the two statutes do not cross-reference each other. *See id.*

2

This Court has previously determined that the FDIC-R may not remove until obtaining a state court order substituting it as a party. *Reinke v. Darby Bank & Trust Co.*, 2011 WL 1807003, at *3 (S.D. Ga. May 11, 2011); *Uhlig v. Darby Bank & Trust Co.*, 2011 WL 1807014, at *3 (S.D. Ga. May 11, 2011); *N. Savannah Props., LLC v. Darby Bank & Trust Co.*, 2011 WL 1806989, at *3 (S.D. Ga. May 11, 2011); *Lindley v. Darby Bank & Trust Co.*, 2011 WL 1807022, at *3 (S.D. Ga. May 11, 2011).

Other decisions comport with such an interpretation. *See Quintero Cmty. Ass'n, Inc. v. Hillcrest Bank*, 2011 WL 6097752, at *2-3 (W.D. Mo. Dec. 6, 2011); *Dougherty v. Deutsche Bank Nat'l Co.*, 2011 WL 3565079, at *3 (E.D. Pa. Aug. 12, 2011); *Bishop v. Darby Bank & Trust Co.*, 2011 WL 4499575, at *3 (S.D. Ga. Sept. 27, 2011); *Branch v. Tifton Banking Co.*, 2011 WL 2939406, at *2 (M.D. Ga. July 19, 2011); *Minker v. Washington Mut. Bank, N.A.*, 2010 WL 376964, at *4 (D. Ariz. Jan. 25, 2010); *J.E. Dunn Nw., Inc v. Salpare Bay, LLC*, 2009 WL 3571354, at *4 (D. Or. Oct. 26, 2009).

The plain language of the FDIC removal statute demonstrates that the FDIC must be substituted as a party. Under federal practice, substitution requires a motion and court action. The Court declines to apply the RTC's definition of "substituted as a party" to the FDIC statute. *See also Ventana Invs. v. 909 Corp.*, 71 F.3d 168, 169 (5th Cir. 1995) (declining to interpret the FDIC and RTC removal provisions as synonymous, in part because the FDIC statute does not define "substituted as a party"). Congress is presumably aware of prior laws when enacting legislation. Congress could have added the definition of "substituted as a party" into the FDIC removal statute but did not do so. Therefore, as this Court has concluded in the past, the FDIC-R was not "substituted as a party," and thus Ratchford's "Motion to Remand" is **GRANTED**.

The FDIC-R's Motion to Stay is **DISMISSED** as moot.

### III.   CONCLUSION

Ratchford's "Motion to Remand," *see* Doc. 5, is **GRANTED**.

The FDIC-R's "Motion to Stay," *see* Doc. 4, is **DISMISSED**.

This case is remanded back to the Superior Court of Bulloch County for further proceedings.

This 4th day of January 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA